IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KYLE OWEN BRENNAN,<br><br>*Defendant.* | Case No. 1:26-MJ-444 |

UNITED STATES' MOTION TO SEAL

Pursuant to Local Criminal Rule 49(E), the United States moves for an Order sealing the United States' Motion for Pretrial Detention ("the Detention Memo"). The government will file a redacted version of the Detention Memo on the public docket. A proposed Order is attached for the Court's consideration.

**I. Items to be Sealed and Necessity for Sealing**

The government asks the Court to seal its Detention Memo, as it contains information that could be used to identify a minor victim. *See* 18 U.S.C. § 3509(d)(2) ("All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal[.]"). The Detention Memo also contains sensitive information about the defendant's background and sensitive information pertaining to third parties. Further, the Detention Memo contains information that could be used to locate child sexual abuse material on the Internet. The government will file a redacted version of its Detention Memo on the public docket. Undersigned counsel has considered procedures other than sealing, but none will suffice to protect this information from disclosure.

**II. Precedent for Sealing Documents**

The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765

(9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

**III. Period of Time to Have the Document Under Seal**

The material to be filed under seal would need to remain sealed permanently or until further order of the Court. Accordingly, the government respectfully requests that an Order be entered allowing the aforementioned material to be placed under seal.

Respectfully submitted,

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

Date: November 18, 2026

By: /s/

Lauren Halper
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Email: Lauren.Halper@usdoj.gov