IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KYLE OWEN BRENNAN,<br><br>*Defendant.* | Case No. 1:26-MJ-444 |

**UNITED STATES' MOTION FOR REVIEW AND REVOCATION OF RELEASE ORDER AND TO EXTEND STAY OF THE RELEASE ORDER PENDING REVIEW**

The United States of America, by and through undersigned counsel, respectfully moves pursuant to 18 U.S.C. § 3145(a)(1) for *de novo* review and revocation of the November 18, 2026, release order issued in this case. Further, the government moves to extend the stay of the November 18, 2026, release order pending *de novo* review by the district court.[1] In support of this motion the government states the following:

1. On November 13, 2026, a criminal complaint and arrest warrant were issued for the defendant charging him with transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1). *See* Dkt. 1. On the same day, the defendant made his initial appearance before the Honorable William E. Fitzpatrick and his preliminary and detention hearings were scheduled for the following week. Dkt. 8.
2. On November 18, 2026, following a preliminary and detention hearing and over the government's objection, the Honorable Lindsey R. Vaala ordered the defendant's

[1] The Honorable Lindsey R. Vaala granted the government's motion to stay the release order. It is currently stayed until November 19, 2026, at 2:00pm. *See* Dkt. 19.

release subject to certain conditions. *See* Dkt. 17, 19. The government requested, and the court granted, a stay of its release order until 2pm on Wednesday, November 19, 2026, so the government could note its appeal of the ruling.

3. Title 18, U.S.C. § 3145(a)(1) provides that, if a magistrate judge orders a defendant released, "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order . . ." On the government's motion to review a release order, the court of original jurisdiction considers the denial of pre-trial detention *de novo*. *United States v. Clark*, 865 F.2d 1433, 1436-38 (4th Cir. 1989); *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

4. In consideration of the government's instant motion for review and revocation of the release order, the United States requests that the Court extend the stay of the November 18, 2026, release order until further order by the district court, including whatever briefing and hearing schedule the Court may set.

5. Granting of a stay is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal citations omitted). "[T]he traditional stay factors contemplate individualized judgments in each case." *Id*. Further, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*. at 433-34. In considering whether to grant a stay, the Court is guided by four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. "The first two factors of the traditional standard are the most critical." *Id.*

6. Here, consideration of the *Nken* factors justifies a further stay of the release order pending the district court's review. First, the offense with which the defendant is charged – transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1) – carries a presumption in favor of detention. *See* 18 U.S.C. § 3142(e)(3)(E). The government argued in its Motion for Pretrial Detention (Dkt. 14) and at the detention hearing that the defendant had not rebutted that presumption, but even if he had met his limited burden of production, the Section 3142(g) factors weighed in favor of detention. The government provided testimony and factual proffers supporting its arguments. Second, and relatedly, the government submits that the defendant poses a danger to the community if released. Thus, extending the stay is both in the public interest and, if denied, could result in serious harm to the community. Finally, any prejudice to the defendant by extending the stay is limited given that he will have another opportunity to argue for his release during the district court's *de novo* review, which is likely to occur quickly.

7. Accordingly, the *Nken* factors demonstrate that an extension of the stay is warranted and appropriate in this case. For the foregoing reasons, the government requests that the Court exercise its discretion and grant the government's motion to stay pending further proceedings.

8. And for the reasons stated herein, the government respectfully moves pursuant to 18 U.S.C. § 3145(a)(1), for *de novo* review and revocation of the November 18, 2026,

release order issued in this case, and further moves to stay the November 18, 2026, release order pending *de novo* review by this District Court.

Respectfully submitted,

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

Date: November 19, 2026 By: /s/

Lauren Halper
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, Virginia 22314
Phone: 703-299-3700
Email: Lauren.Halper@usdoj.gov